PRIEST *v.* STAFFORD.

4-7171

176 S. W. 2d 714

Opinion delivered November 29, 1943.

*H. G. Leathers* and *J. E. Simpson,* for appellant.

*J. E. Gregson, A. B. Arbaugh* and *A. J. Russell,* for appellee.

HOLT, J. January 23, 1942, appellee, Logan Stafford, brought suit against appellant, Mrs. Viola Priest, seeking to set aside a state tax deed to certain tracts of land in Carroll county, among them being the Yocum Canning Factory property which is alone involved here. Appellant answered asserting ownership of an undivided one-half interest in the canning factory property, with the buildings thereon, and alleged that on April 17, 1942, she had entered into a written contract with appellees, W. R. McNeil and C. Elizabeth McNeil, his wife, for the sale of her interest in the property and asked that the McNeils be made parties to the suit.

The McNeils intervened September 24, 1942, and also filed cross-complaint. They sought cancellation of their contract with appellant and also damages. They asserted that appellant had sold to them the canning factory property, together with all machinery, equipment, and improvements thereon, and had executed a deed and placed same in escrow with a Berryville bank to be delivered to appellees upon payment of the purchase price. Appellant answered with a denial.

Upon a trial, on the testimony presented, the court found as between appellant and appellee, Stafford, that appellant's tax deed from the State as to all property described thereon was void and of no effect, and this finding, appellant concedes to be correct. The court further found that appellant had expended $36.97 in procuring the tax deed; "that the building on one tract of said land, being that tract whereon is situate the canning factory, was owned jointly by plaintiff and defendant. The court finds that the value of said building is $400; that a fair rental value of said building is $50 per year; that plaintiff (Stafford) has used and occupied said building as and for a canning factory building for seventeen years; that during said period of such use and occupancy plaintiff (Stafford) has expended thereon $875 by way of betterments and improvements; that the canning factory equipment situate therein was owned by plaintiff (Stafford) and was placed therein by him and the court finds that same is personal property and is the personal prop-

erty of plaintiff, with the exception of the capping machine; that the value of said canning factory equipment, exclusive of said capping machine, is $500. The court further finds that plaintiff and defendant each is liable to the other for a proportionate part of the rental value of said building, for the amount paid by defendant for said deed from the State and for the expenditure for betterments on said building." The court further found that appellee, Stafford, owned all the equipment in said canning factory, with the exception of a capping machine, as against any interest or claim of either appellant, or appellees, W. R. McNeil and wife (interveners below).

As between appellant and interveners (the McNeils), the court found that the escrow deed executed by appellant and her adopted daughter, Mrs. Tom Anderson, to the interveners conveyed to them all title and interest which the grantors possessed in said property; that appellant (Mrs. Priest), in procuring from the McNeils the contract to convey to them the property in question for a consideration of $1,400, committed "actual or constructive fraud in that she misrepresented to interveners (the McNeils) the facts relative to her ownership, or purported ownership, of said canning factory building and the equipment therein situate; that actual or constructive fraud was practiced in her representation to interveners that the water mill on said lands conveyed to interveners was workable and in working condition; that such representation relative to said water mill does not go to sufficient extent to bind defendant to pay interveners $100 annually if said mill would not produce that much revenue, but that she did agree that in such event she would reduce interveners' indebtedness to her in the sum of $100."

From these findings, the court ordered the tax deed canceled, decreed that Stafford was indebted to appellant in the amount of $425 for rent on the canning factory, for seventeen years, and $36.97 for appellant's expense in procuring the tax deed, or a total of $461.97; that appellant was indebted to Stafford in the amount of $437.50, representing one-half of the improvements to the canning

factory, made by Stafford, and that appellant have judgment against appellee, Stafford, in the sum of $24.47.

As between appellant and appellees, McNeil and wife, the court found that appellant "is indebted to interveners (McNeils) in the amount of $500, same being the value of the canning factory equipment as heretofore set out herein, and in the further sum of $200, same being the value of an undivided one-half interest in said canning factory building, and in the further sum of $100, same being the amount which defendant agreed to reimburse interveners in the event said water mill was not in working or workable condition, and in the total sum of $800. Defendant is hereby ordered and directed to credit the amount of the indebtedness of interveners to her in the amount of $800, and the clerk of this court is directed to enter a credit on the margin of the record of the mortgage executed by interveners to defendant to secure the payment of such $1,400 indebtedness." This appeal followed. There is no cross-appeal by appellees. While the cause comes here for trial *de novo,* under our long established rule, we do not disturb the trial court's finding and decree, unless against the preponderance of the evidence.

The undisputed facts are that appellant and appellee, Stafford, each own an undivided one-half interest in the canning factory building and lot or land upon which it stood, the property here involved. Obviously, therefore, appellant had a right to enter into a contract with the McNeils to convey to them her interest in this property. Without attempting to detail the evidence here, we think the great preponderance of the testimony supports the trial court's finding as to Stafford's ownership of the machinery, equipment and improvements which he placed in the factory during his seventeen years of occupancy, as to the rental value of said property, and the value placed on the canning factory equipment, exclusive of the capping machine, and that the decree in favor of appellant as against appellee, Stafford, for $24.47, is correct, and should be affirmed.

It is also our opinion that the findings of the court, and the decree, as between appellant and appellees, W. R. McNeil and wife, are also supported by a great preponderance of testimony, except in one particular, and that is that there appears obvious error in so much of the decree as declared appellant to be indebted to the McNeils, in the sum of $200, "same being the value of an undivided one-half interest in said canning factory building" and in directing that the indebtedness of the McNeils be credited with this $200 item.

As noted above, there was never any dispute as to appellant's ownership of an undivided one-half interest in the canning factory building and lot. This interest, she contracted, in writing, to convey to the McNeils, and also made conveyance of this property in the escrow deed. The McNeils, therefore, by purchase, own all appellant's interest in this property and certainly appellant should not be required to return to them any part of the purchase price.

We conclude, therefore, that as between appellant and appellee, Logan Stafford, the decree should be and is affirmed. As between appellant and appellees, W. R. McNeil and C. Elizabeth McNeil, the decree is reversed and the cause remanded with directions to enter a decree in conformity with this opinion. Costs in the lower court and on this appeal to be charged one-fourth to appellees, W. R. McNeil and wife, and three-fourths to appellant.